(Reap. Dec. 10353)

COMMERCIAL ADOLFO S. PAGAN, INC., ET AL. v. UNITED STATES

Entry No. 5796, etc.

(Decided October 17, 1962)

*Pieras & Martin* (*Jaime Pieras, Jr.*, of counsel) for the plaintiffs.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in the schedule, attached to and made a part of this decision, which were consolidated for trial, involve the proper value for dutiable purposes of certain sanitary porcelainware.

When these cases were called for hearing, counsel for the adversary parties entered into an oral stipulation of fact, wherein it was agreed that the merchandise consists of vitreous china lavatories, water-closet bowls, tanks, and tank covers, which were entered at the invoice unit values and were appraised at unit values in United States currency, as shown under column "X" on the invoices, net, packed, on the basis of export value, as that value is defined in section 402 or 402a of the Tariff Act of 1930 (19 U.S.C. § 1401a) or as amended by the

Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402). The entry papers were received in evidence without being marked.

The parties hereto further agreed that the entered invoice unit values, net, packed, are the correct values pursuant to section 402 and 402a, depending upon the dates of entry.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402 or 402a of the Tariff Act of 1930, or as amended by the Customs Simplification Act of 1956, *supra*, is the proper basis of value for the sanitary porcelainware in issue and that said value is represented by the entered invoice unit values, net, packed.

Judgment will issue accordingly.